IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHIRLEY McLAURIN, Individually,
And On Behalf Of The Heirs Of
MILTON STUBBS, Deceased                                                    PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 2:06cv169KS-MTP

UNITED STATES OF AMERICA                                                   DEFENDANT


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Dismiss **[#5]** filed on behalf of the defendant.  The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows:

**FACTUAL BACKGROUND**

This is a wrongful death suit based on alleged negligence in failing to diagnose and properly treat a subdural hematoma.  The decedent, Milton Stubbs, was admitted to Forrest General Hospital, Hattiesburg, Mississippi, on January 24, 1996, with an admitting diagnosis of unstable angina.  He was treated by Dr. Saad Khan of the Sumrall Family Health Center, where he had been a patient for some time.  That night or in the early morning hours of January 25, he struck the left side of his head in the bathroom at the hospital.  He was discharged later that day but was readmitted two

days later with a diagnosis of acute subdural hematoma of the left frontal lobe. Surgery was performed on January 28 to alleviate the intracranial bleeding, but bleeding continued and he died in the early morning of January 30, 1996.

The plaintiff sued the Hospital, Dr. Saad Khan, and three nurses employed by the Hospital in November 1996, in the Circuit Court of Forrest County, Mississippi, for medical malpractice in the death of Milton Stubbs (Cause No. C196-0231). In February 2003, the government certified that Dr. Khan was acting within the scope of his employment at the time of the Stubbs incident and removed the case to the district court under 28 U.S.C. § 2679(d)(2) where it was assigned to Judge Pickering as Civil Action No. 2:03cv90PG.

The government then filed a Notice of Substitution and Motion to Amend Caption of Case under Section 2679(d)(2), seeking to substitute the government as the proper party defendant with respect to the claims against Dr. Khan. The district court ultimately granted the motion, substituted the government as the proper party defendant, and dismissed Dr. Khan with prejudice.

In March 2003, the plaintiff filed a Motion to Remand, in which she asserted that Dr. Khan had waived his right to removal under Section 2679(d)(2) by failing to furnish the government prompt notice of the suit. In April, the government filed a Motion to Dismiss for failure to exhaust administrative remedies. After two hearings on the motions, the district court denied the plaintiff's motion to remand and granted the government's motion to dismiss on February 11, 2004. The plaintiff filed a notice of appeal with the district court on February 23, 2004. The case was docketed at the Fifth Circuit Court of Appeals on February 27, 2004. The Fifth Circuit, after conducting oral

argument, upheld the dismissal on December 2, 2004.  A petition for rehearing was filed on December 23, 2004, and denied on January 17, 2005.  A petition for writ of certiorari was denied on June 6, 2005.  *McLaurin v. U.S.*, 392 F.3d 774 (2004), *cert. denied* 125 S. Ct. 2549, 162 L.Ed.2d 275 (2005).

On April 26, 2004, shortly after appealing Judge Pickering's order of substitution and dismissal, the plaintiff out of "an abundance of caution," filed a FTCA claim with DHHS, with a letter indicating that Judge Pickering's decision was on appellate review and asking that any decision be held in abeyance pending the outcome of the appeal.  According to the plaintiff's argument, if Judge Pickering had been reversed, the FTCA claim would have been irrelevant.  Thereafter, the plaintiff received no communication from DHHS concerning the claim.

The defendant has shown that the district court's dismissal order was dated February 11, 2004, and that it and a final judgment were entered the same day.  However, the Department of Health and Human Services did not receive the plaintiff's administrative claim until May 3, 2004, which was more than 60 days after the district court suit was dismissed.  The Standard Form 95 (SF95), Claim for Damage, Injury, or Death was received on May 3 and is dated April 26, 2004, and signed by counsel on the plaintiff's behalf.

After denial of the writ of certiorari by the United States Supreme Court, the plaintiff supplemented the FTCA claim with additional information to the Department of Health and Human Services by letter dated July 25, 2006, which the plaintiff points out was within 60 days of the denial of the writ of certiorari and final adjudication that the claim was covered by the FTCA.  According to the plaintiff, she submitted all materials

necessary for the processing of the FTCA claim, including documents necessary for the Early Resolution Program. However, at no time prior to filing suit, was the plaintiff given any notification on the untimeliness of her claim. The plaintiff tendered a settlement offer as a part of the Early Resolution Program, which was rejected. The plaintiff then asserts that she waited for the processing of her claim but after hearing nothing for several months, filed the instant suit.

The defendant contends that this case should be dismissed for plaintiff's failure to file her administrative claim within 60 days of dismissal of the district court suit. Title 28, United States Code, Section 2679(d)(5) provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title [28 U.S.C. § 2675(a)], such a claim shall be deemed to be timely presented under section 2401(b) of this title [28 U.S.C. § 2401(b)] if–
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

Therefore, the defendant argues that since Civil Action No. 2:03cv90PG was dismissed on February 11, 2004, and the plaintiff's claim was not received by the Department until May 3, 2004, more than 60 days after dismissal, the plaintiff failed to comply with the requirement of section 2679(d)(5)(B), *supra,* and as a result, the court lacks subject matter jurisdiction. The plaintiff responds that she was not required, "under operation of law" to file her FTCA claim until final adjudication of whether the case was covered by the FTCA and when that adjudication was made on June 6, 2005, the plaintiff filed a timely claim. The plaintiff further asserts that if the court views the

filing of the claim as out-of-time, then the doctrine of equitable tolling should apply because of the diligent pursuit of the claim for six years in state court before Dr. Khan claimed that he was a federal employee and for her diligent pursuit of the claim in this court and on appeal.

## **STANDARD OF REVIEW**

A Rules 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981).

It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts. If the factual matters considered outside the pleadings are undisputed, the court need not make specific factual findings for the record. Conversely, if the court is called upon to make factual determinations to support its order, they should be stated specifically. *Id.*

## **ANALYSIS**

The court finds that the doctrine of equitable tolling disposes of the defendant's motion to dismiss in this case. In that regard, the defendant argues that the filling deadlines in § 2679 are jurisdictional and to be construed strictly and thus the plaintiff's late filing may not be excused under equitable tolling. However, in 1999 the Fifth Circuit

found that the Supreme Court's decision in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 94-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), "undid the old rule that equitable tolling was never available against the government, and thus placed the jurisdictional nature of the FTCA statute of limitations into doubt." *Perez v. United Stattes*, 167 F.3d 913, 915-16 (5th Cir. 1999). In *Perez* the Fifth Circuit concluded that "equitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence." *Id*. at 917.

It is true that *Perez* was reviewing the issue of equitable tolling in regard to 28 U.S.C. § 2401 which contains the limitations period for the original filing of a FTCA claim. However, § 2679 is merely an ancillary section regarding the filing of a FTCA claim after the United States is substituted as the real party in interest in civil litigation and refers back to § 2401 as the controlling provision which ultimately determines timeliness. Thus, the court concludes that the same reasoning applied in *Perez* would apply to the facts of this case.

The court concludes that the plaintiff has "actively pursued judicial remedies " for her claim by filing the original state court suit within ten months of the decedent's death; actively pursuing the claim in state court for six years; actively fighting the defendant's attempts to remove the case and claim that Dr. Khan was a federal employee; by appealing the dismissal of Dr. Khan and her civil suit; and by attempting to timely file a FTCA claim.

Further, the court concludes that the federal agency, DHHS, had written notice of

the claim in conformity with § 2401(b) through the defendant's actions of removal of the original civil action; its successful assertion that Dr. Khan was its employee; and its subsequent defense of the appeal by the plaintiff.  The FTCA limitations period requires only that the claim be "presented in writing to the appropriate Federal agency" before the end of the limitations period.  *Perez* 167 F.3d at 918.  That was done in this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Dismiss **[#5]** is Denied.

SO ORDERED AND ADJUDGED this the 22nd day of June, 2007.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE