**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SHIRLEY McLAURIN, Individually,
And On Behalf Of The Heirs Of
MILTON STUBBS, Deceased**                                                                 **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 2:06cv169KS-MTP**

**UNITED STATES OF AMERICA**                                                              **DEFENDANT**


### ORDER

This matter is before the court on a Motion to Certify Question to Allow Interlocutory Appeal **[#19]** pursuant to 28 U.S.C. § 1292(b), filed on behalf of the defendant. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

On June 22, 2006, this court entered an Order denying the defendant's Motion to Dismiss for lack of jurisdiction. In that order, the court rejected the defendant's argument that the plaintiff's claims were foreclosed for her alleged failure to timely file an administrative claim under the Federal Tort Claims Act (FTCA). The defendant now asserts that the June 22 Order involves controlling issues of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Thus, the defendant argues that the Order is appropriate for certification for interlocutory appeal

under 28 U.S.C. § 1292(b) and has, effectively, requested that the court amend the June 22 Order to add the certification required by § 1292(b) to allow such an appeal.

Under 28 U.S.C. § 1292(b), a district court may certify an order not otherwise appealable where such order (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. However, permission to appeal under § 1292(b) is sparingly granted and the Fifth Circuit disfavors interlocutory appeals and allows certification only in "exceptional" cases. *See, e.g.*, *U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). The Fifth Circuit has cautioned, "permission to appeal is granted sparingly, not automatically." *Alabama Labor Council v. State of Alabama*, 453 F.2d 922, 924 (5th Cir. 1972).

It is well settled that "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster*, 821 F.2d 1147, 1167 (5th Cir. 1987) (citing *In re McClelland Engineers, Inc.*, 742 F.2d 837, 839 (5th Cir. 1984), *cert. denied*, 469 U.S. 1228 (1985)). Further, the party moving to amend an order for interlocutory certification bears the burden of "establish[ing] its right to such a procedure," *White v. Esmark Apparel, Inc.*, 788 F. Supp. 907, 909 (N.D. Miss. 1992) (Senter, C.J.), and, according to some authority, must generally traverse a "steep and thorny route." *Weir v. Propst*, 915 F.2d 283, 285 (7th Cir. 1990).

The plaintiff argues that the motion is untimely in that the defendant waited several months after entry of the order denying the motion to dismiss to request a

modification thereof to allow an immediate appeal. The defendant responds that it was necessary to seek approval of the U.S. Justice Department before proceeding with the filing of the present motion. Section 1292(b) imposes no statutory deadline for certification in the district court, nor is there a requirement that certification be sought "immediately" as suggested by the plaintiff. As observed by one district court, "[t]he time limits of Fed. R. App. P. 5(a) and § 1292(b) do not apply to the district court's consideration of a request for certification." *Giddes v. Glens Falls Ins. Co.*, No. 2:02-cv-282-FTM-29NF, 2003 WL 23486911, at *1 (M.D. Fla. Aug. 5, 2003) (request for certification "almost 2 months later . . . is timely"). The court agrees with the defendant on this issue and finds that it proceeded with due diligence in seeking and obtaining permission to file the motion. However, that does not dispose of the merits.

According to the defendant, the controlling question which is appropriate for immediate appeal is whether the court correctly found that the doctrine of equitable tolling applied to the alleged late filing of the plaintiff's FTCA claim. The plaintiff argues that the court should deny the defendant's motion because it has not advanced a controlling question of law.

Under Section 1292(b), a controlling question of law means "an abstract legal issue" such as "the meaning of a statutory or constitutional provision, regulation, or common law doctrine that dictates the outcome as a matter of law." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). It "does not mean the application of settled law to fact." *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1258 (11th Cir. 2004). Further, a question is "controlling" if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for dismissal that

might have been ordered without the ensuing district court proceedings. 16 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3930 at 423-34 (2nd ed. 1996)(citing cases).

The defendant argues that *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999), relied upon by this court in its June 22 Order, dealt with the general statute of limitations of the Federal Tort Claims Act, 28 U.S.C. §2401(b) and not 28 U.S.C. §2679(d)(5), as argued as applicable here.  The defendant is correct that *Perez* did not specifically address the statutory section presented in this case and that the court extended the ruling in *Perez* to §2679(d)(5), which the court concluded was an ancillary section to § 2401.  However, the court disagrees that there is substantial ground for difference of opinion as to whether that extension was legally appropriate.

Finally, the requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law. 16 Wright, Miller & Cooper, *supra*, § 3930 at 432 (citing cases).  The plaintiff argues that an immediate appeal would only delay the litigation, which has already taken several years.  The defendant argues that resolution of the issue could end the litigation without costly discovery and trial.

After a careful consideration of all of the matters presented, in the opinion of this court, there is not a controlling question of law as to which there is substantial ground for difference of opinion of which an immediate appeal would materially advance the ultimate termination of the litigation.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to

Allow Interlocutory Appeal **[#19]** is Denied.

IT IS FURTHER ORDERED AND ADJUDGED that the stay in this case is lifted in all respects and the parties shall, within ten (10) days of this order, contact the Magistrate Judge assigned to this case for the modification or entry of a new Case Management Order, as necessary.

SO ORDERED AND ADJUDGED this the 24th day of March, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE